IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**SAMUEL L. PACE, No. N-38199,**

    **Petitioner,**

**v.**

**WARDEN RANDY PFISTER,**

    **Respondent.**　　　　　　　　　　**Case No. 12-CV-01272-DRH**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Before the Court is the petitioner Samuel L. Pace's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The petitioner is a state prisoner currently incarcerated in Pontiac Correctional Center. The petitioner was convicted in June 1997, in Jersey county, Illinois, for first degree murder and sentenced to a term of natural life imprisonment. In this action, the petitioner raises various constitutional challenges with regard to his 1997 conviction, including ineffective assistance of counsel, denial of the right to a fair trial, and denial of the right to be present during every phase of his trial.

    The petitioner pursued a direct appeal of his 1997 conviction. The Illinois Appellate Court affirmed his conviction and sentence on December 1, 1998. *People v. Pace*, No. 5-97-0467, 740 N.E.2d 104 (Ill. App. Ct. Dec. 1, 1998) (unpublished order under Illinois Supreme Court Rule 23). On February 3, 1999,

the Illinois Supreme Court denied the petitioner's request for leave to appeal. *People v. Pace*, 707 N.E.2d 1243 (Ill. 1999).

Thereafter, the petitioner filed a postconviction petition for relief. The petitioner's postconviction petition for relief was ultimately dismissed by the trial court in January 2010. The Illinois Appellate Court affirmed the January 2010 dismissal. *People v. Pace,* No. 4-10-0161, -- N.E.2d -- (Ill. App. Ct. Aug. 2, 2012) (unpublished order under Illinois Supreme Court Rule 23). The petitioner asserts that the Illinois Supreme denied his request for leave to appeal on November 28, 2012.

Based on the above, the petitioner asserts that he has exhausted his state court remedies with respect to the claims raised in his federal habeas petition. Furthermore, he appears to have filed his petition in a timely manner.

**IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that the petitioner's motion for the appointment of counsel (Doc. 3) is **DENIED** without prejudice. In the instant case, there is no indication that the petitioner has attempted to obtain counsel on his own, or has been effectively precluded from doing so. Because the petitioner

has not made this showing, the Court finds that the petitioner has not made a reasonable attempt to find counsel. *See* 18 U.S.C. § 3006A(a)(2)(B) (a district court has discretion to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254); *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating the standard governing a district court's discretion in appointing counsel as follows: "(1) has the indigent [petitioner] made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the [petitioner] appear competent to litigate it himself [.]").

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

The petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

Signed this 10th day of January, 2013.

David R. Herndon
2013.01.10
18:39:10 -06'00'

**Chief Judge**
**United States District Court**